# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVETTE M. AVILES, | ) |
| Plaintiff, | ) |
| vs. | ) 2:12-cv-01187-RCJ-GWF |
| PREMIER TRUST DEED SERVICES, INC., | ) **ORDER** |
| Defendant. | ) |

This case arises out of the alleged breach of fiduciary duty of a mortgage trustee. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court grants the motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Evette Aviles refinanced her property at 1330 Cashman Dr., Las Vegas, NV 89102 (the "property") by giving lender Option One Mortgage Corp. ("Option One") a $364,000 promissory note secured by the Property. (*See* Deed of Trust 1, Nov. 9, 2004, ECF No. 5-2; Compl. 2:26, Oct. 27, 2011, ECF No. 1-1). The trustee was Defendant Premier Trust Deed Services, Inc. ("Premier"), and Mortgage Electronic Registration Systems, Inc. ("MERS") is listed nowhere on the deed of trust in any capacity. (*See id.*). Plaintiff alleges that Town and Country Title Services, Inc. was the original trustee and that Premier was only "purported[ly]" substituted on September 27, 2007. (*See* Compl. 2:28–3:1). However, the Deed of Trust makes

1 clear that Premier was the original trustee. (*See* Deed of Trust 1).

2 Plaintiff sued Premier in this Court on a single cause of action for breach of fiduciary
3 duty. Sand Canyon Corp. ("Sand Canyon"), the successor-in-interest to Premier, removed and
4 has moved to dismiss.

5 **II.   LEGAL STANDARDS**

6 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
7 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
8 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
9 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
10 that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
11 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
12 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for
13 failure to state a claim, dismissal is appropriate only when the complaint does not give the
14 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
15 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is
16 sufficient to state a claim, the court will take all material allegations as true and construe them in
17 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
18 Cir. 1986). The court, however, is not required to accept as true allegations that are merely
19 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
20 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action
21 with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own
22 case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79
23 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff
24 pleads factual content that allows the court to draw the reasonable inference that the defendant is
25 liable for the misconduct alleged."). In other words, under the modern interpretation of Rule

1  8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a

2  defendant liable; he also must identify the theory of his own case so that the court can properly

3  determine not only whether any such legal theory exists (*Conley* review), but also whether he has

4  any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal*

5  review).

6  "Generally, a district court may not consider any material beyond the pleadings in ruling

7  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

8  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

9  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

10 whose contents are alleged in a complaint and whose authenticity no party questions, but which

11 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

12 motion to dismiss" without converting the motion to dismiss into a motion for summary

13 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

14 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

15 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

16 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

17 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

18 2001).

19 **III.    ANALYSIS**

20 Plaintiff alleges that Premier breached a fiduciary duty to her by permitting a notary

21 stamp on one or more loan documents without Plaintiff being present and allowing the

22 document(s) to be recorded.  Plaintiff does not allege any pending foreclosure against the

23 Property.  Plaintiff asks only for the Court to quiet title, not for any damages. (*See* Compl.

24 3:10–12).  Defendant removed based upon diversity of citizenship.  No money damages are at

25 stake, but the value of the Property more likely than not exceeds $75,000, and this is the amount

in controversy in a quiet title action.

Plaintiff attaches to her Complaint an affidavit by the notary who notarized the Deed of Trust, Evelyn Lajes. Lajes attests that Aviles did not execute the Deed of Trust in her presence. (*See* Lajes Aff. ¶ 5, Oct. 7, 2011, ECF No. 1-1, at 14). However, Defendant notes that although Plaintiff signed the Deed of Trust outside of Lajes' presence, the jurat on the Deed of Trust indicates that Aviles later acknowledged her signature before Aviles. (*See* Deed of Trust 9). Defendant is correct. Lajes' notarization on the Deed of Trust indicates that Plaintiff appeared before her on November 10, 2004 to acknowledge having signed the Deed of Trust on November 9, 2004. (*See id.*). In any case, the statute of limitations on a breach of fiduciary duty claim has run. *See Golden Nugget, Inc. v. Ham*, 646 P.2d 1221, 1223 (Nev. 1982). Finally, Plaintiff has consented to granting the motion by failure to respond for months after a response was due. *See* Local R. 7-2(d).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 19th day of October, 2012.

_____
ROBERT C. JONES
United States District Judge